Matthew M. Levy, J.
Defendant moves for an order requiring plaintiffs Rose Schnur and Martha Roemer to produce before a named expert, and to give him inspection of, all X rays in their possession and referred to in their examinations before trial. The motion is granted, and on several grounds:
(1) Upon the trial, when plaintiffs offer the X-ray photographs, defendant will be entitled to examine them, and to have the inspection thereof undertaken by a specialist of his choice. Procedures at the trial will be facilitated by pretrial examination, and delay at the trial will thus be avoided.
(2) Subdivision 2 of rule XXI of the Bronx County Supreme Court Rules, Trial and Special Terms, provides that “ [u]pon request of the defendant or his insurance carrier, the plaintiff or his attorney shall deliver to the defendant or his insurance carrier, a written authorization to the hospital or hospitals in which the plaintiff is or was confined due to the accident in question, to secure a copy of the entire hospital record or records, including X rays ”. The principle of the rule may be applied to a case where plaintiff has undergone medical treatment by an individual practitioner. Plaintiffs here refused to supply defendant with the X-ray readings taken by their expert. They should, at the least, be willing to have their X-ray photographs made available for study by defendant’s specialist.
(3) Section 327 of the Civil Practice Act refers to affidavits, but it may be said that an examination before trial is a deposition equivalent to an affidavit (see Carmody on New York Practice [7th ed., Forkosch], § 450, p. 465, footnotes 27, 28).
(4) That plaintiffs were examined by a court-appointed physician (to whom the X rays were submitted) should not militate against defendant’s right to have the X rays examined by a *208 roentgenologist, particularly in view of the reports of this physician. In his report with respect to one plaintiff he stated that the X rays showed arthritic changes and diminished space between two of the cervical vertebrae, and that ‘ I feel that it would take qualified roentgenological opinion to state with any certainty whether or not these changes are traumatic in origin and even then there might be some divergence of opinion.” In the report, with respect to the other plaintiff, he stated that “ an x ray of the skull said to have been taken five months following the accident showed a fracture ”. Thus, the trial court will be confronted with the physician’s indicated lack of qualifications as a roentgenologist in the area of the injuries claimed by one plaintiff and with the physician’s failure to be assured as to the precise date when the X ray of the other plaintiff was taken.
The examination is to be had by the doctor named in the moving papers at a time to be fixed in the order and in the presence of plaintiffs’ attorney (and, if desired by plaintiffs, in the presence of plaintiffs’ roentgenologist).
Settle order.